IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WELDON LEROY HOLMAN, JR., #602587 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv397 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION AND</u>
<u>ORDER OF DISMISSAL</u>

Petitioner Weldon Leroy Holman, Jr., an inmate confined at the Bradshaw Unit of the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The Petitioner is in the custody of the Texas prison system pursuant to a Bell County conviction for the offense of Burglary of a Habitation. On August 14, 1991, he was sentenced to fifteen years imprisonment. He was paroled on April 20, 1992. He was returned to custody as a parole violator on October 6, 1992. He was paroled again on October 1, 1993. He was returned to custody yet again on December 13, 1995, with jail credit from September 29, 1995. He was released on mandatory supervision on March 23, 2001. He was returned to custody as being in violation of mandatory supervision on October 26, 2005, with jail credit from April 19, 2005. He was denied HB 1649 street time credits due to a prior conviction for Robbery. The Classification and Records Office received a time credit dispute resolution form from the Petitioner on November 23, 2005. The prison system had 180 days to respond. Tex. Gov't Code § 501.0081. Before waiting for a response from TDCJ Classification and Records Office, the Petitioner filed an application for a writ of habeas corpus in state court on December 13, 2005. On May 10, 2006, the Texas Court of Criminal Appeals dismissed the application without written order because he failed to exhaust his administrative remedies before filing the application pursuant to Tex. Gov't Code § 501.0081(b)-(c). The Classification and Records Office denied the time credit dispute on April 24, 2006.

The present petition was filed on June 26, 2006, in the Northern District of Texas. The petition was transferred to this Court and filed on September 11, 2006. The Petitioner argued that he is entitled to relief for the following reasons:

1. Denial of time credit on sentence;
2. Severity of sentence increased;
3. Illegal alteration of sentence; and
4. Illegal sentence.

On August 16, 2006, the Director filed a motion to dismiss for lack of jurisdiction and alternative motion to dismiss for failure to exhaust state remedies. The Petitioner, in turn, filed a motion to transfer venue on September 7, 2006. He also filed a reply to the motion to dismiss for lack of jurisdiction. Finally, he filed a letter amending his petition on September 13, 2006.

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270 (1981). He must present his claims in a procedurally correct manner. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). A procedurally correct manner means that the claims must be submitted in accordance with state rules. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and has not satisfied the exhaustion requirement. *Castille v. Peoples*, 489 U.S. at 351. In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). Section 501.0081 requires inmates to submit an Offender Time Credit Dispute Resolution Form to the Classification and Records Office before filing an application in state court. *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000). The Texas Court of Criminal Appeals dismissed the Petitioner's application because he had not exhausted his administrative remedies, thus

the Petitioner has not fairly presented his claim to the Texas Court of Criminal Appeals.  He did not exhaust his state remedies, and the petition should be dismissed.  The Petitioner may file a new petition once he has fully and fairly exhausted his state remedies.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the Petitioner has not yet filed a notice of appeal, the Court may consider whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

Accordingly, the Petitioner is not entitled to a certificate of appealability as to his claims. It is therefor

**ORDERED** that the Director's motion to dismiss for failure to exhaust state remedies is **GRANTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 26th day of September, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE